## JOHN KELEY *v*. THE STATE.

AGGRAVATED ASSAULT AND BATTERY.— One of the circumstances whereby an assault becomes aggravated is when the assault is committed "with premeditated design and by the use of means calculated to inflict great bodily injury." A man's fists may be such "means." See this case in illustration.

APPEAL from the County Court of McLennan. Tried below before the Hon. G. B. GERALD, County Judge.

The case is disclosed in the opinion. A fine of fifty dollars was the penalty imposed on the appellant.

*Jennings & Baker*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WHITE, P. J. The information charges that the aggravated assault was committed with the fist, and further that it was committed with premeditated design and by the use of means calculated to inflict great bodily injury. It is contended that the means used, to wit, the fist, makes the information good only for simple assault and battery. Our statute expressly provides that an assault shall become aggravated when committed "with premeditated design and by the use of means calculated to inflict great bodily injury." Penal Code, art. 498, subdiv. 9. The latter allegation is certainly good in setting forth an

aggravated assault, and we hold that so far as the information is concerned, it was sufficient.

That an aggravated assault can be committed with the fists, and that such means when used with premeditated design are and may be calculated to inflict great bodily injury, are abundantly attested by the facts in this case. Appellant evidently premeditated his act, for he waited till his victim, who was a prisoner in the custody of an officer, had reached the top and was about descending a flight of stairs, when he came up behind him and, saying "G—d d—n you, I intend to knock you down these steps," struck him a blow with his fist on the back of the neck. Witness says: "I would have fallen down the steps had not Mills (the officer) held me up. Defendant then struck me two more licks with his fist, as I was going down the steps. I was making no resistance to the officer, Mr. Mills. I was under arrest when defendant struck me."

To have knocked him down the steps would have been calculated to inflict great bodily injury upon him. That he might have knocked him down the steps by a blow on the back of the neck with his fist, situated as the parties were, is not only reasonable but highly probable. Under the circumstances developed, an aggravated assault as charged is fully made out, and the judgment is affirmed.

*Affirmed.*